UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| MICHAEL BURNS | CIVIL ACTION 13-3010 |
| VERSUS | U.S. DISTRICT JUDGE DRELL |
| INTERNATIONAL PAPER COMPANY, et al | U.S. MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the court is plaintiff's motion to remand, **Doc. 14**, referred to me by the district judge for report and recommendation. Plaintiff asserts that the parties are not diverse because, shortly before suit was filed, he moved to Mississippi and defendant MCH Transportation Co. is also a domiciliary of Mississippi. The motion to remand is unopposed.

<u>Applicable law</u>

It is well settled that the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists.

<u>Diversity Jurisdiction</u>

The applicable statute, 28 U.S.C. § 1332(a), gives federal district courts original "diversity" jurisdiction over suits between citizens of different states if the amount each plaintiff seeks exceeds $75,000.  28 U.S. § 1332(a); *Caterpillar v. Lewis*, 519 U.S. 61, 62, 117 S.Ct. 467, 469 (1996).  All plaintiffs must be diverse from all defendants for the court to have diversity

jurisdiction. Exxon Mobil Corp. v. Allapattah Services, Inc., 125 S.Ct. 2611, 2635 (2005). Therefore, where one plaintiff and one defendant are from the same state, ordinarily federal courts have no jurisdiction under § 1332. Irby, 326 F.3d 644, 647 (5th Cir. 2003).

The parties agree that at the time of filing suit and at the time of removal, both defendant MCH and plaintiff were both citizens of the State of Mississippi. Nevertheless, a party may neither consent to nor waive federal subject matter jurisdiction. Simon v. Wal-Mart Stores, Inc., 193 F.3d 848, 850 (5th Cir. 1999). Therefore, a brief analysis is required.

As plaintiff's attorney correctly points out in brief, for diversity purposes, citizenship means domicile (Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir. 1974). The question of domicile is a matter of federal common law (Acridge v. Evangelical Lutheran Good Samaritan Soc'y, 334 F.3d 444, 448 (5th Cir. 2003). "A person's domicile is the place of 'his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom. . . .'" Mas, supra. A change of domicile may be effected only by a combination of two elements: (a) taking up residence in a different domicile with (b) the intention of remaining there. Id.

Although the petition alleges that plaintiff was a resident of Louisiana at the time of filing suit, counsel submits that was an error and, unbeknownst to his then attorney, he had moved to Mississippi. Defendants have, apparently, satisfied themselves that is true, for they filed no opposition briefs offering the court any guidance whatsoever.

It appearing that plaintiff and one of the defendants are domiciliaries of the same state, this court has no jurisdiction.

For that reason, IT IS RECOMMENDED that the motion to remand, **doc. #14**, be GRANTED and that this case be remanded to the 9th Judicial District Court, Parish of Rapides, State of Louisiana for further proceedings.

### OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed.  Providing a courtesy copy of the objection tot he magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 21st day of January, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE